in being struck by a block and tackle while in use by the defendant company in the management and operation of a "show" or exhibition of divers sportsmen's goods at Madison Square Garden. The cause of action is predicated upon the negligence of the defendant. There is no evidence in the record connecting the defendant company in any manner with the block and tackle or its operation, or with the accident, and consequently no proof of negligence on its part. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

VAUGHN v. GLENS FALLS PORTLAND CEMENT CO. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Action by Albert A. Vaughn against the Glens Falls Portland Cement Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted. Henry W. Williams, for appellant. King & Angel (Edward M. Angel, of counsel), for respondent.

PER CURIAM. This case is reported upon a former appeal in 105 App. Div. 136, 93 N. Y. Supp. 979. There the court set aside a verdict in favor of the plaintiff, saying in substance that the plaintiff should have been nonsuited. This court affirmed the order setting aside the verdict, holding that under the employer's liability act it was a question of fact for the determination of the jury in the first instance whether the plaintiff understood and assumed the risk which the service then required. Upon this trial the trial court erred in assuming that this court approved of the grounds upon which the trial judge set aside the former verdict and granted a nonsuit. Upon the former appeal this court, while intimating that the evidence tended to show that the plaintiff had assumed the risk, decided that that was a question of fact to be determined in the first instance by the jury. The nonsuit was improper. The judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.

VICTORS, Appellant, v. NATIONAL PROVIDENT UNION, Respondent. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Abby Victors against the National Provident Union. No opinion. Order affirmed, with $10 costs and disbursements. See 99 N. Y. Supp. 298.

VIOLETT et al., Respondents, v. RISHELL, Appellant. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by Atwood Violett and others against John D. Rishell. J. R. Dos Passos, for appellant. J. H. Hammond, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

VOIGHTMAN et al. v. McLELLAN et al. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by Frank Voightman and another against Hubert B. McLellan and others. No opinion. Motion denied, with $10 costs. Order filed.

WALSH, Appellant, v. METROPOLITAN LIFE INS. CO., Respondent. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Action by Esther Walsh against the Metropolitan Life Insurance Company. No opinion. Judgment and order unanimously affirmed, with costs. See 93 N. Y. Supp. 445.

WARD v. TERRY & TENCH CONST. CO. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by Catherine A. Ward, as administratrix, against the Terry & Tench Construction Company. No opinion. Motion for reargument denied. Motion for leave to go to Court of Appeals granted, and question certified. Order filed.

WARE BROS. CO., Appellant, v. CORTLAND CART & CARRIAGE CO., Respondent. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Action by the Ware Bros. Company against the Cortland Cart & Carriage Company. No opinion. Judgment unanimously affirmed, with costs.

WASHINGTON TRUST CO. v. BALDWIN et al. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by the Washington Trust Company against Christopher G. Baldwin and another. No opinion. Motion granted, and question certified. Order filed.

In re WEAVER. In re LANCE. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) In the matter of the application of William R. Weaver for a writ of prohibition. In the matter of the petition of Edward J. Lance, a candidate at the general election held on the 6th day of November, 1906, in the county of Clinton, for an order or orders under chapter 502, p. 1385, Laws 1906. No opinion. Application denied.

WEIR v. UNION RY. CO. (Supreme Court, Appellate Division, First Department. April 12, 1907.) Action by Winant W. Weir against the Union Railway Company. No opinion. Motion granted. Order filed.

WEITZENBLUM, Appellant, v. BAUM et al., Respondents. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Lena Weitzenblum against Jacob Baum and others. No opinion. Judgment and order affirmed, with costs.

W. F. BURNS CO. v. FELLMAN. (Supreme Court, Appellate Term. May 16, 1907.) Appeal from Municipal Court, Borough of Manhattan, Eighth District. Action by the W. F. Burns Company against Emanuel Fellman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered. Hastings & Gleason, for appellant. M. S. & I. S. Isaacs, for respondent.

PER CURIAM. Action for rent for nine months for desk room in office of plaintiff at 320 Broadway. The judgment is contrary to the evidence and against the weight of evidence.